Honorable William W. Day Criminal District Attorney of Calhoun County P. O. Box 1001 Port Lavaca, Texas 77979
Re: Source of payment of a judgment against Calhoun County Drainage District No. 11.
Dear Mr. Day:
You have requested our opinion regarding the source of payment of a judgment against Calhoun County Drainage District No. II.
In 1961, the Legislature validated the District by special act, and declared it to be a validly existing and operating district under article 16, section 59 of the Texas Constitution. Acts 1961, 57th Leg., ch. 339, at 716. The act provides that the District is
 vested with, all of the rights, powers, privileges and duties conferred and imposed by the General Laws of the State of Texas now in force and hereafter enacted applicable to water control and improvement districts . . . .
Sec. 1. In June, 1977, a plaintiff secured a judgment against the District for damages to his property resulting from the District's construction of improvements on Agua Dulce Creek. The Calhoun County Auditor, who also serves as auditor for the District, has asked that you determine which of the District's statutory funds should be used to satisfy the judgment.
A water control and improvement district is required by the Water Code to maintain at least two separate funds, a construction fund, section 51.351, and a maintenance fund, section 51.352. The construction fund must be used
 to pay expenses, debts, and obligations necessarily incurred in the creation, establishment, and maintenance of the district and to pay the purchase price of property and construction contracts, including purchases for which the bonds were issued.
Water Code § 51.351(b). We do not believe that the payment of a judgment for damages may reasonably be said to be an obligation `necessarily incurred in the creation, establishment and maintenance of the district.'
The maintenance fund must be used
 to pay all expenses of maintenance, repair, and operation of the district except the expenses of assessing and collecting taxes for the interest and sinking fund. Expenses for collecting taxes for the interest and sinking fund shall be paid from the interest and sinking fund.
Water Code § 51.352(b). Section 51.352(c) provides, however, that a district
 may pay from the maintenance fund other expenses for which payment is not provided in this chapter.
No specific provision is made in chapter 51 of the Water Code for the satisfaction of a judgment against a water control and improvement district. In our opinion, such payment should be deemed to constitute `other expenses' and therefore, payable out of the maintenance fund.
The Supreme Court's decision in Harris County Flood Control Dist. v. Mihelich, 525 S.W.2d 506 (Tex. 1975) supports this view. In that case, the Court held that a water control and improvement district should use its maintenance fund to satisfy a judgment for damages under the Texas Tort Claims Act. Id. at 510-11. See also Brown County Water Improvement Dist. No. 1 v. Austin Mill and Grain Co., 138 S.W.2d 523 (Tex. 1940). Thus, it is our opinion that Calhoun County Drainage District No. 11 should pay a judgment of damages rendered against it from its maintenance fund.
 SUMMARY
Calhoun County Drainage District No. 11 should pay a judgment of damages rendered against it from its maintenance fund.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee